IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIK BENJAMIN, JAMES FLUKER, III, and ALECIA MADYUN, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:10-cv-2646-AT |
| v. | : : | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | : : : | |
| Defendant. | : | |

## **ORDER**

    This matter is before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal of All Claims with Prejudice Settlement. [Doc. 80.] The parties' brief in support of their motion details the scope of the litigation and basis of settlement. The parties have also provided a copy of their Agreement and General Release to the Court for in camera review. The Court additionally held a conference on this date with counsel with respect to follow-up questions as to the basis of settlement in this matter, to assure itself that the settlement was fair and adequate based on the law applicable to this case and facts at issue.

The Fair Labor Standards Act ("FLSA") imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b).  Under the FLSA, there are only two routes for compromise of FLSA claims.  "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  *See* 29 U.S.C. § 216(c)  Alternatively, employees' claims may be compromised in a private FLSA action for back wages only after the district court reviews the proposed settlement and enters "a stipulated judgment after scrutinizing the settlement for fairness."  Id.

After review of the settlement agreement and hearing counsel's written and oral views regarding the terms of settlement as well as specific legal and evidentiary issues posed by the case, the Court finds the settlement agreement is the product of arm's length bargaining of qualified counsel.  This settlement enables the parties to avoid recognized and real litigation risks posed by their respective positions.  The provisions of the Agreement are fair, adequate, and reasonable.

THEREFORE,

1. The Court **GRANTS** the Parties' Joint Motion for Approval of Settlement and Dismissal of All Claims with Prejudice. [Doc. 80.] The Court further **APPROVES** the Settlement Agreement as a fair, reasonable, and adequate resolution of this action. The parties are **DIRECTED** to distribute the settlement proceeds consistent with the terms of the Agreement.

2. The Court **DISMISSES** with prejudice any and all claims that were or could have been raised in this matter by Plaintiffs Benjamin, Fluker III, and Madyun, with all parties bearing their own respective attorneys' fees and costs.

It is so ORDERED this 20$^h$ day of April, 2012.

Amy Totenberg
United States District Judge